UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FRANSWA SIMMONS,

        Plaintiff,

- *against* -

P.O. RAMIREZ, SHIELD # 67/1931, et al.,

        Defendants.

17CV313 (LMS)

DECISION AND ORDER

**THE HONORABLE LISA MARGARET SMITH, U.S.M.J.**

  Plaintiff Franswa Simmons, proceeding pro se, commenced this action on January 11, 2017. Docket # 2 (Complaint). Defendant City of White Plains filed its Answer on August 1, 2017. Docket # 8. Defendant P.O. Ramirez filed his Answer on August 14, 2018. Docket # 17. On October 19, 2018, this case was referred to me upon the parties' consent to my exercise of jurisdiction over the matter pursuant to 28 U.S.C. § 636(c). Docket # 22. I conducted an initial conference on November 14, 2018, at which time I set some discovery deadlines and scheduled the next conference for January 9, 2019. See Docket Sheet, Minute Entry for 11/14/2018. Plaintiff and counsel for Defendants appeared at the January 9, 2019, conference, at which additional discovery deadlines were set and the next conference was scheduled for March 20, 2019. See Docket Sheet, Minute Entry for 01/09/2019. The Court needed to reschedule that conference to March 27, 2019, and issued a Re-Scheduling Notice on February 22, 2019, which the Court mailed to Plaintiff. Docket # 25.

  Plaintiff failed to appear at the conference on March 27, and the Court rescheduled the conference to April 17, 2019. The Scheduling Notice issued by the Court stated, "**Failure to appear may result in sanctions, including, but not limited to, monetary sanctions,**

**preclusion of evidence, striking of claims, and dismissal**." Docket # 26 (emphasis in original). The Court sent the Scheduling Notice to Plaintiff by certified mail. Id. Nonetheless, Plaintiff failed to appear at the April 17 conference as well. See Docket Sheet, Minute Entry for 04/17/2019.

The Court stated on the record at the April 17 conference that it had received a return receipt reflecting that the scheduling notice for the conference had been delivered on April 8, 2019, and signed for by someone, although it could not identify the individual who had signed the receipt. The Court did note that the first letter on the signature line appeared to be an "F" (Plaintiff's first name is Franswa). The Court also noted that Plaintiff had failed to appear at the March 27 conference; that the scheduling notice for that conference had been sent to Plaintiff on February 22, 2019; that although the scheduling notice had not been sent with a return receipt requested, it had not been returned to the Court as undeliverable, but the Court did not have any confirmation that it was received; and that the scheduling notice for that conference did not have any warning of the possibility of sanctions for failure to appear. Finally, the Court stated that it had checked available websites to see whether Plaintiff's failure to appear resulted from him being re-arrested and had found no evidence to that effect, nor had the Court heard anything from Plaintiff in this regard. Meanwhile, Defendants' counsel informed the Court that he had not seen Plaintiff since the January 9 conference and that Plaintiff had failed either to provide discovery or to send written questions to Defendant Ramirez in lieu of deposition in accordance with the Court's orders during that conference.[1] Thus, in light of Plaintiff's failure to appear at the scheduled conferences, engage in discovery, or contact either the Court or Defendants' counsel to

---

[1] See Docket Sheet, Minute Entry for 01/09/2019.

inform them of his whereabouts or explain his failures to appear or engage in discovery or otherwise seek adjournments or extensions of time, the Court granted Defendants permission to file a motion to dismiss for failure to prosecute and set a schedule for the motion. See id.

Defendants filed their motion on May 17, 2019. Docket # 28. As directed by the Court during the April 17 conference, Defendants informed Plaintiff in their Notice of Motion that Plaintiff had until June 7, 2019, to serve and file his opposition. Id. To date, Plaintiff has neither contacted the Court nor filed anything in response to the motion.

For the reasons that follow, Defendants' motion is granted, and the case is dismissed with prejudice.

## DISCUSSION

Rule 41(b) provides that a defendant may move to dismiss an action "[i]f the plaintiff fails to prosecute . . . ." Fed. R. Civ. P. 41(b). Thus, under Rule 41(b), a plaintiff is required to diligently prosecute his or her case. See Lyell Theatre Corp. v. Loews Corp., 682 F.2d 37, 43 (2d Cir. 1982). However, the Second Circuit has cautioned that a dismissal pursuant to Fed. R. Civ. P. 41(b) is a "harsh remedy," which should only be utilized in "extreme situations." Lewis v. Rawson, 564 F.3d 569, 576 (2d Cir. 2009) (citations omitted). Therefore, the Second Circuit has provided the following five factors for the court to consider before dismissing an action pursuant to Fed. R. Civ. P. 41(b):

> whether (1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions.

Id. (citing United States ex rel. Drake v. Norden Sys., Inc., 375 F.3d 248, 254 (2d Cir. 2004)). The Second Circuit reviews dismissals pursuant to Fed. R. Civ. P. 41(b) only for abuse of discretion. Id. at 575.

In this case, a review of the five factors militates in favor of dismissal. First, Plaintiff has delayed this case for months by failing to appear for conferences, failing to engage in discovery, and failing to keep either Defendants' counsel or the Court apprised of his whereabouts, thereby preventing the parties from proceeding with discovery.

Second, from early on in the litigation, Plaintiff has been on notice that he "must notify the Court in writing if Plaintiff's address changes, and the Court may dismiss the action if Plaintiff fails to do so." Order of Service (Docket # 5) at 2. In addition, since Plaintiff's first instance of a failure to appear at the March 27, 2019, conference, the Court has taken steps to notify Plaintiff that his failure to appear could result in the imposition of sanctions, including dismissal. See Docket # 26 (Scheduling Notice for April 17, 2019, conference: "**Failure to appear may result in sanctions, including, but not limited to, monetary sanctions, preclusion of evidence, striking of claims, and dismissal**.") (emphasis in original). As to the possibility that Plaintiff has failed to receive any of the notices sent to him by the Court, nothing has ever been returned as undeliverable. In any event, it is Plaintiff's responsibility to inform the Court if his address has changed. See Brown v. Smith, No. 13 Civ. 4694 (AT), 2014 WL 5040908, at *2 (S.D.N.Y. Sept. 30, 2014) (dismissing pro se plaintiff's case for failure to prosecute: "Here, plaintiff was notified twice of his obligation to effectuate timely service. We note that the second notice sent to plaintiff was returned to us as undeliverable, and therefore

4

plaintiff did not receive it. However, it is plaintiff's obligation to update the court as to his current address.") (citing cases).[2]

Third, "[w]ith regard to possible prejudice to defendant[] by virtue of further delay, a failure to dismiss would likely leave the case pending for an indefinite time into the future, or at least until plaintiff changed [his] mind or the court lost patience. Accordingly, we may infer the likelihood of some prejudice if the motion were not granted." Wilson v. Oxford Health Plans (N.Y.), Inc., No. 01 Civ. 3417 (MHD), 2002 WL 1770813, at *3 (S.D.N.Y. July 31, 2002) (citations omitted); see also Peart v. City of New York, 992 F.2d 458, 462 (2d Cir. 1993) ("prejudice resulting from unreasonable delay may be presumed as a matter of law") (citation omitted). In addition, Defendants have been prejudiced by Plaintiff's failure to prosecute this case by "the passage of time," given that the case is based on an incident which occurred on September 5, 2016, almost 3 years ago. See Compl. at 2; see Edwards v. Horn, No. 10 Civ. 6194 (RJS)(JLC), 2012 WL 1292672, at *2 (S.D.N.Y. Apr. 13, 2012) (finding that defendant had been prejudiced by plaintiff's "failure to prosecute this action by the passage of time, given that the incident giving rise to the claim . . . occurred . . . more than four years ago . . . and as a matter of law prejudice is presumed."), adopted by, 2012 WL 1592196 (S.D.N.Y. May 4, 2012).

Fourth, given the age of this case (it has been pending for two and a half years) and the length of time that has passed in which no progress has been made due to Plaintiff's failure to appear or participate in discovery, the Court's interest in moving this case off its docket outweighs the need to give Plaintiff more time to be heard in the matter. See Lukensow v.

---

[2]Copies of unpublished decisions will be included with the copy of this Report and Recommendation that the Court will send to Plaintiff at his presumed last known address.

Harley Cars of New York, 124 F.R.D. 64, 67 (S.D.N.Y. 1989) ("[T]here can be no assertion by plaintiffs that the dismissal of this action denies them their right to due process and a fair opportunity to be heard. The fact is that this dismissal results from plaintiffs' own conduct. The result could have been avoided by pressing their claim in the adversary proceeding."); see also Feurtado v. City of New York, 225 F.R.D. 474, 480 (S.D.N.Y. 2004) ("[F]airness to other litigants, whether in the same case or merely in the same court as competitors for scarce judicial resources may require a district court to dismiss a case pursuant to Rule 41(b).") (internal quotation marks and citation omitted).

Fifth, given Plaintiff's continued failure to proceed with this case, appear at court conferences, or communicate with the Court or Defendants' counsel, the sanction of dismissal with prejudice is appropriate. See, e.g., Edwards, 2012 WL 1292672, at *2 ("[Plaintiff's] failure to prosecute and his most recent failures to appear at court-ordered conferences demonstrate that any lesser sanction would be an exercise in futility[.]") (internal quotation marks and citation omitted); Smith v. Human Res. Admin. of New York City, No. 91 Civ. 2295 (MGC), 2000 WL 307367, at *3 (S.D.N.Y. Mar. 24, 2000) ("[L]esser sanctions are not appropriate in this case. Court orders and direction have not prompted plaintiff to move her case forward. . . . Moreover, plaintiff is proceeding in forma pauperis, rendering monetary sanctions inappropriate.").

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss for failure to prosecute (Docket # 28) is granted, and Plaintiff's case is dismissed with prejudice.

Dated: July 31, 2019
      White Plains, New York

SO ORDERED,

Lisa Margaret Smith
United States Magistrate Judge
Southern District of New York

A copy of this Decision and Order has been mailed to the following:

Franswa Simmons
225 Dr. Martin Luther King Jr. Blvd.
Apt. 8K
White Plains, NY 10601